ASP/CJK/2013R00273

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA | Criminal No. 13-247-JLL |
| v. | 18 U.S.C. § 1349 |
| | 18 U.S.C. § 286 |
| | 18 U.S.C. § 1028(f) |
| VANYO MINKOV | 18 U.S.C. § 371 |
| | INDICTMENT |

RECEIVED APR 09 2013 AT 8:30 __M WILLIAM T. WALSH, CLERK

The Grand Jury in and for the District of New Jersey, sitting at Newark, charges:

COUNT 1
18 U.S.C. § 1349
(Conspiracy to Commit Wire Fraud)

1. At various times relevant to this Indictment.

**BACKGROUND**

2. Defendant VANYO MINKOV resided in or near Varna, Bulgaria.

3. Accounting Firm #1 was a certified public accounting firm located in Connecticut. Accounting Firm #1 provided its clients with various accounting services, including the preparation and filing of Federal tax returns.

4. Accounting Firm #2 was a certified public accounting firm located in California. Accounting Firm #2 provided its clients with various accounting services, including the preparation and filing of Federal tax returns.

## THE CONSPIRACY

5.  Between in or around July 2011 through in or around April 2013, in the District of New Jersey, and elsewhere, defendant

VANYO MINKOV

did knowingly and intentionally conspire and agree with others to devise a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and for the purpose of executing such scheme and artifice, to transmit and cause to be transmitted by means of wire communications in interstate and foreign commerce, certain writings, signs, signals, and sounds, in a manner affecting a financial institution, contrary to Title 18, United States Code, Sections 1343 and 2.

## OBJECT OF THE CONSPIRACY

6.  It was the object of the conspiracy for MINKOV and others to obtain stolen credit and debit card numbers and corresponding personal identifying information ("PII") from various sources, and then sell such stolen information on the Internet for a profit.

## MANNER AND MEANS OF THE CONSPIRACY

7.  It was part of the conspiracy that MINKOV and his co-conspirators obtained stolen debit and credit card numbers, corresponding Personal Identification Number codes ("PIN codes"),

2

and other related PII through various means, including through the use of Automated Teller Machine ("ATM") skimming equipment installed on ATMs and designed to steal debit and credit card numbers, as well as PIN codes, from individuals using the ATMs.

8. It was further part of the conspiracy that MINKOV also acted as a re-seller of stolen debit and credit card data, meaning that various co-conspirators who obtained stolen debit and credit card numbers provided the stolen data to MINKOV to sell on the Internet.

9. During the course of the conspiracy, MINKOV offered for sale debit and credit card numbers and related PII for over 100,000 accounts (the "Stolen Data").

10. MINKOV received, advertised, and delivered, and coordinated the receipt and delivery of, the Stolen Data on the Internet, including through the use of e-mail and instant messaging services.

11. MINKOV received payment from the purchasers of the data through international money transfers sent from the District of New Jersey, and elsewhere, to locations in Bulgaria, through money remitting services such as Western Union and MoneyGram.

In violation of Title 18, United States Code, Section 1349.

## COUNT 2
## 18 U.S.C. § 286
## (Conspiracy to Defraud the Government with Respect to Claims)

12. The allegations contained in paragraphs 1 through 4, and paragraphs 6 through 11 of Count One of the Indictment are realleged and incorporated as if set forth herein.

13. Between in or about September 2012 and in or about April 2013, in the District of New Jersey, and elsewhere, defendant

VANYO MINKOV

did knowingly and intentionally agree, combine and conspire with others to defraud the United States and a department and agency thereof, specifically the United States Department of the Treasury and the Internal Revenue Service, by obtaining, attempting to obtain, and aiding to obtain the payment and allowance of false, fictitious and fraudulent claims, that is, more than approximately $600,000 in individual income tax refund payments, contrary to Title 18, United States Code, Sections 287 and 2.

### OBJECT OF THE CONSPIRACY

14. It was the object of the conspiracy for MINKOV and others to obtain stolen PII and to use that stolen PII to file false and fraudulent individual income tax returns with the Internal Revenue Service in order to steal tax refund money from the United States government.

## MANNER AND MEANS OF THE CONSPIRACY

15. It was a part of the conspiracy that MINKOV and his co-conspirators stole the PII of over approximately 650 individuals (the "ID Theft Victims"), and used the ID Theft Victims' PII to file over approximately 126 fraudulent tax returns for the 2012 tax year (the "2012 Fraudulent Returns").

16. It was further part of the conspiracy that MINKOV and his co-conspirators obtained the PII through "hacking," *i.e.*, illegally accessing computer systems. For instance, MINKOV and his co-conspirators hacked into the computer systems of various Certified Public Accounting firms, including Accounting Firm #1 and Accounting Firm #2 (collectively, the "Victim CPA Firms"), to steal the PII of the Victim CPA Firms' clients.

17. MINKOV and his co-conspirators then used this stolen PII to create and file the 2012 Fraudulent Returns.

18. It was further part of the conspiracy that MINKOV and his co-conspirators used multiple methods for receiving the tax refunds generated by the 2012 Fraudulent Returns, including by directing the refund to be deposited into reloadable payment cards acquired by MINKOV and his co-conspirators and falsely registered in the names of certain ID Theft Victims.

In violation of Title 18, United States Code, Section 286.

COUNT 3
18 U.S.C. § 1028(f)
(Conspiracy to Commit Identity Theft)

19. The allegations contained in paragraph 12 and paragraphs 14 through 18 of Count Two of the Indictment are realleged and incorporated as if set forth herein.

20. Between at least as early as in or about September 2012 and in or about April 2013, in the District of New Jersey and elsewhere, defendant

VANYO MINKOV

did knowingly and intentionally conspire with others to transfer, possess and use means of identification of other persons without lawful authority, in a manner affecting interstate and foreign commerce, with the intent to commit, and in connection with, unlawful activity constituting a violation of federal laws, namely, Title 18 United States Code, Section 286, contrary to Title 18, United States Code, Sections 1028(a)(7) and (b)(1)(D).

In violation of Title 18, United States Code, Section 1028(f).

COUNT 4
18 U.S.C. § 371
(Conspiracy to Commit Offenses Against the United States)

21.  The allegations contained in paragraph 12 and paragraphs 14 through 18 of Count Two of the Indictment are realleged and incorporated as if set forth herein.

22.  Between at least as early as September 2012 and in or about October 2012, in the District of New Jersey and elsewhere, defendant

VANYO MINKOV

did knowingly and intentionally conspire with others to commit an offense against the United States, namely, by means of interstate communications, intentionally accessing protected computers, including the computers of Accounting Firm #1 and Accounting Firm #2, in interstate commerce without authorization, and exceeding authorized access, and thereby obtaining information from those computers for the purpose of commercial advantage and private financial gain, contrary to Title 18, United States Code, Sections 1030(a)(2)(C), (c)(2)(B)(i), and (c)(2)(B)(iii).

**OVERT ACTS**

23.  In furtherance of the conspiracy and to effect its unlawful objects, defendant MINKOV and others committed and caused to be committed the following overt acts in the District of New Jersey and elsewhere:

a.  MINKOV and his co-conspirators hacked into various

Certified Public Accounting firms, including Accounting Firm #1 and Accounting Firm #2 (collectively, the "Victim CPA Firms"), to steal the PII of the Victim CPA Firms' clients.

b.  MINKOV and his co-conspirators then used this stolen PII to create and file the 2012 Fraudulent Returns.

c.  MINKOV and his co-conspirators used multiple methods for receiving the tax refunds generated by the 2012 Fraudulent Returns, including by directing the refund to be deposited into reloadable payment cards acquired by MINKOV and his co-conspirators and falsely registered in the names of certain ID Theft Victims.

In violation of Title 18, United States Code, Section 371.

## FIRST FORFEITURE ALLEGATION

1. The allegations contained in this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Sections 981(a)(1)(c), 982(a)(2), and Title 28, United States Code, Section 2461(c).

2. The United States hereby gives notice to the defendant charged in Count One and Count Four, that upon his conviction of any such offense, the government will seek forfeiture in accordance with Title 18, United States Code, Sections 981(a)(1)(c), 982(a)(2) and Title 28, United States Code, Section 2461(c), which requires any person convicted of such offenses to forfeit any property constituting or derived from proceeds obtained directly or indirectly as a result of such offenses.

3. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

    (a) cannot be located upon the exercise of due diligence;

    (b) has been transferred or sold to, or deposited with, a third party;

    (c) has been placed beyond the jurisdiction of the court;

    (d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c) and Title 18, United States Code, Section 982(b)(1), to seek forfeiture of any other property of such defendants up to the value of the forfeitable property described in paragraph 2.

## SECOND FORFEITURE ALLEGATION

1. The allegations contained in this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Sections 981(a)(1)(c), 982(a)(2), 1028(b)(5), and Title 28, United States Code, Section 2461(c).

2. The United States hereby gives notice to the defendant charged in Count Three that, upon his conviction of such offense, the government will seek forfeiture in accordance with Title 18, United States Code, Sections 981(a)(1)(c), 982(a)(2), 1028(b)(5), and Title 28, United States Code, Section 2461(c), which requires any person convicted of such offense to forfeit any property constituting or derived from proceeds obtained directly or indirectly as a result of such offense, or any personal property used or intended to be used to commit such offense.

3. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    (a) cannot be located upon the exercise of due diligence;

    (b) has been transferred or sold to, or deposited with, a third party;

    (c) has been placed beyond the jurisdiction of the court;

    (d) has been substantially diminished in value;

or

      (e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c) and Title 18, United States Code, Section 982(b)(1), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in paragraph 2.

A TRUE BILL

FOREPERSON

*[signature]*
PAUL J. FISHMAN
United States Attorney

CASE NUMBER: 13- 247-JLL

# United States District Court
## District of New Jersey

UNITED STATES OF AMERICA

v.

VANYO MINKOV

## INDICTMENT FOR
18 U.S.C. § 1349
18 U.S.C. § 286
18 U.S.C. § 1028(f)
18 U.S.C. § 371

A True Bill,

_____
Foreperson

**PAUL J. FISHMAN**
U.S. ATTORNEY
NEWARK, NEW JERSEY

ANDREW S. PAK
ASSISTANT U.S. ATTORNEY
(973) 645-3976

RECEIVED
APR 09 2013
AT 8:30
WILLIAM T. WALSH, CLERK